IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**TERRY F. WALLING,**

      **Plaintiff,**

   v.         CASE NO. 17-3086-SAC-DJW

**JOSEPH NORWOOD, et al.,**

      **Defendants.**

**MEMORANDUM AND ORDER**

  This matter is a civil action filed by a prisoner in state custody. Because plaintiff challenges his detention and seeks release from confinement, the Court liberally construes this matter as a petition for habeas corpus relief filed under 28 U.S.C. § 2241.[1] "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

  A state prisoner proceeding under § 2241 must first exhaust available state court remedies. *See Wilson v. Jones*, 430 F.3d 1113, 1117 (10th Cir. 2005)(petitioner seeking relief under § 2241 must first exhaust available state court remedies, absent showing of futility). It appears from the materials submitted that plaintiff has a pending state court action in the District Court of Johnson County concerning the execution of his state sentence imposed in that district (Doc. #1, Attach., p. 5). Accordingly, the Court will direct

---

[1] The pleading also seeks damages; however, such a remedy is premature under *Heck v. Humphrey*, 512 U.S. 477 (1994).

plaintiff to show cause why this matter should not be dismissed without prejudice to allow him to exhaust his claims in the state courts.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff shall show cause on or before May 31, 2017, why this matter should not be dismissed without prejudice. The failure to file a timely response may result in the dismissal of this matter without additional prior notice.

**IT IS SO ORDERED.**

DATED:  This 17th day of May, 2017, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge