**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**TERRY F. WALLING,**

       **Petitioner,**

  **v.**             **CASE NO. 17-3086-SAC**

**JOSEPH NORWOOD, et al.,**

       **Respondents.**

**MEMORANDUM AND ORDER**

  By its order entered on May 17, 2017, the Court liberally construed this civil action as a petition for habeas corpus filed under 28 U.S. § 2241. Because a state prisoner seeking relief under § 2241 must exhaust state court remedies, *see, e.g. Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010), and because it appeared that petitioner has a pending matter in the District Court of Johnson County, Kansas, concerning the execution of his sentence,[1] the Court directed him to show cause why this matter should not be dismissed without prejudice to allow him to exhaust his claims in the state courts. Petitioner filed two responses (Docs. #4 and #5).

  In a habeas petition filed by a state prisoner, the exhaustion requirement is satisfied once the federal claim has been fairly presented to the state courts. The exhaustion requirement provides the state courts with the initial opportunity to correct alleged errors of federal law. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The fair presentation of a claim requires that the federal

---

[1] *See* Doc. #1, Attach. 1, p. 5, Letter of Dawn Lewis-Walling asserting that petitioner's Johnson County sentence expired in June 2016 and stating "Terry and his attorneys have pending litigation since April 4, 2017 in the Johnson County District Court, Division 18, Judge Timothy McCarty in case 17CV01939."

claim be asserted to the highest state court. *See Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). A petitioner has the burden of showing that he has exhausted available state court remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Petitioner's responses do not suggest that he has exhausted state court remedies by presenting his claims to the Kansas appellate courts. Accordingly, the Court will dismiss this matter without prejudice to allow petitioner to fully exhaust his state court remedies.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED:  This 11th day of August, 2017, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge